IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.   No.   15-cv-0770 KG/SMW
            14-cr-3643 KG-1

JOEL CORDOVA-ORDAZ
aka JOEL ORDEZ-CORDOVA,

    Defendant/Petitioner.

### ORDER FINDING WAIVER OF ATTORNEY CLIENT PRIVILEGE

**THIS MATTER** is before the Court on the United States' Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Motion under 28 U.S.C. § 2255 [CR Doc. 32, CV Doc. 4], filed on September 8, 2015.  The United States notes that it spoke with Defendant/Petitioner's counsel in his underlying criminal case, Noel Orquiz and Mr. Orquiz "prefers to disclose his privileged communications with the Defendant with an order from this Court finding that the privilege has been waived." *Id.* at 2.  Therefore, the United States asks the Court to find that Defendant/Petitioner has waived his attorney-client privilege regarding communications with Mr. Orquiz that relate to his claims of ineffective assistance of counsel, and to authorize Mr. Orquiz to disclose documents, communicate orally, and/or provide a written affidavit detailing any communications relating to Defendant/Petitioner's claims of ineffective assistance of counsel. *Id.* at 4.  Specifically, the United States asks the Court to find that Defendant/Petitioner has waived the attorney-client privilege with respect to the following communications:

> Any communication or decisions regarding the claims of ineffective assistance surrounding the advisement of the Defendant's constitutional rights, specifically, the rights of the accused;
>
> Any communication, decisions, or strategies regarding the claims of ineffective assistance surrounding the nature of the charge and the consequences of the plea agreement with the Defendant;
>
> Any communication, decisions, or strategies regarding the claims of ineffective assistance surrounding the factual basis for Defendant's guilty plea;
>
> Any communications or decisions regarding the claims of ineffective assistance surrounding the failure of defense counsel to file a timely notice to appeal the Defendant's conviction or file any post-conviction motions;
>
> Any communication or decisions regarding the claims of ineffective assistance surrounding the Defendant's appellate rights;
>
> Any communication or decisions regarding the claims of ineffective assistance surrounding the prior deportation of the Defendant upon which the instant conviction was predicated;
>
> Any communication or decisions regard the claims of ineffective assistance surrounding alternatives to a jury trial, specifically, the option of a plea bargain or plea agreement;
>
> Any other communications or decisions not known to the United States which are strictly necessary in order to address the merits of the Defendant's claims of ineffective assistance of counsel.

*Id.* at 4.

In light of the analysis and holding in *United States v. Pinson*, 584 F.3d 972, 977–79 (10th Cir. 2009), the Court finds that, by claiming ineffective assistance of counsel in his § 2255 Motion, Defendant/Petitioner impliedly waives the attorney-client privilege with respect to those communications that are necessary to prove or disprove his claims. Furthermore, the Court enters this order without waiting for Defendant/Petitioner's response because, even if he opposes the motion, *Pinson* clearly directs that it be granted.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the United States' Motion Requesting the Court to Rule on the Waiver of the Attorney-Client Privilege Related to Defendant's Motion under 28 U.S.C. § 2255 [CR Doc. 32, CV Doc. 4] is **GRANTED**, and the Court finds that Defendant/Petitioner waives his right to assert the attorney-client privilege with respect to communications with Mr. Orquiz necessary to prove or disprove his claims of ineffective assistance of counsel, as set forth above.

**IT IS SO ORDERED.**

_____
STEPHAN M. VIDMAR
UNITED STATES MAGISTRATE JUDGE